Sheppard v. River Valley, et al.    CV-00-111-M    06/14/02
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Mary Chris Sheppard
and Robert Sheppard,
       Plaintiffs

       v.                                  Civil No. 00-111-M
                                           Opinion No. 2002 DNH 116
River Valley Fitness One, L.P.
d/b/a River Valley Club;
River Valley Fitness GP, L.L.C.
River Valley Fitness Associates, Inc.;
Joseph Asch; and Elizabeth Asch,
       Defendants


                           O R D E R


       Before the Court are plaintiffs': (1) Motion for Relief from

Stay (document no. 172); (2) Motion to Amend to Add the

Bankruptcy Trustee, Victor Dahar, as a Necessary Party Pursuant

to F.R.C.P. 19 (document no. 171); and (3) Motion to Pursue

Piercing the Corporate Veil as Equitable Remedy or, in the

Alternative, Motion to Amend Complaint Pursuant to F.R.C.P. 15

(document no. 173).  Defendant objects to all three motions.  For

the reasons given below, but only to the extent stated below,

plaintiffs' motion for relief from the bankruptcy stay is

granted, while their other two motions are held in abeyance.

This case has become incrementally more complicated as various bankruptcy pleadings have been filed and acted upon. To date, the file in this court contains more than 180 documents. In order to bring some clarity to the litigation, and frame issues that must be resolved before the pending motions can be ruled on, the court offers the following synopsis of the various theories of recovery that have been pled or proposed with respect to plaintiff M.C. Sheppard's Title VII claim.[1]

Ms. Sheppard asserts a Title VII claim against River Valley Fitness One, L.P. ("the LP"). That claim has been stayed, due to the LP's bankruptcy filing, and the automatic bankruptcy stay remains unaffected by the February 26, 2002, order of the bankruptcy court, which pertains only to defendants River Valley Fitness Associates, Inc. ("RVFA") and River Valley Fitness GP, L.L.C. ("the LLC"), referred to collectively as "the GP entities." Ms. Asch (but, for reasons explained more fully below, probably not Mr. Asch) might be personally liable to Ms. Sheppard on her claim against the LP if Sheppard were to: (1)

---

[1] While the balance of this order concerns plaintiff's Title VII action, the court notes, for the sake of completeness, that the state claims asserted against the Asches in the Second Amended Complaint remain on track for trial.

2

prove a Title VII violation for which the LP is liable; (2) show that as successive general partners of the LP, RVFA or the LLC (depending upon timing) are liable for any portion of the judgment that is uncollectable from the assets of the LP; and (3) be successful in piercing the corporate veils of RVFA and/or the LLC.  Of course, because the LP remains subject to the bankruptcy stay, that theory of recovery is unavailable at this point.

Ms. Sheppard also asserts a Title VII claim against the GP entities, under a single-employer theory, that has survived a motion to dismiss.[2]  For the Asches to be liable under Ms. Sheppard's single-employer theory of recovery, she would have to: (1) prove that RVC and the GP entities constitute a single employer for Title VII purposes; (2) prove her Title VII claim; and (3) successfully pierce the respective corporate veils of RVFA and/or the LLC.

---

[2] While defendants challenged the applicability of plaintiff's single-employer theory in their motion to dismiss, they did not do so in their motion for summary judgment, proceeding, instead, to contest the merits of plaintiff's Title VII claims.

Ms. Sheppard also proposes to amend the complaint to add a claim that the GP entities are independently liable to her because the GP entities, as general partners in the LP, were directly responsible for insuring compliance with Title VII. For the Asches to be liable under that theory, Ms. Sheppard would have to: (1) establish that a general partner of a limited partnership owes an individual duty to insure, through direct action or oversight, that the partnership's business is conducted lawfully (as opposed to simply bearing financial liability when the partnership's business is not so conducted); (2) prove her Title VII claim; and (3) successfully pierce the corporate veils of RVFA and/or the LLC.

As noted above, the first theory of recovery is unavailable so long as the LP remains subject to the bankruptcy stay. As to the second two, there are several difficulties, both general and specific.

As a general matter, to pierce the corporate veils of RVFA and/or the LLC, Ms. Sheppard will have to allege and prove some abuse of the corporate form <u>by shareholders of those entities</u>.

4

<u>See</u> 1 W.M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 41.10 (1999) ("The rationale behind the [alter ego doctrine] is that, if the shareholders or the corporations themselves disregard the proper formalities of a corporation, then the law will do likewise as necessary to protect individual and corporate creditors.")  At this point, it is not at all clear that the alleged oral statement by Mr. Asch to the effect that he was the general partner of the LP constitutes an abuse of the corporate form of either <u>RVFA</u> or <u>the LLC</u>.  Furthermore, once a corporate veil is pierced, if at all, the pierce serves only to reach assets of <u>the shareholders</u> of the corporate entity that has been pierced.  <u>See</u> <u>id.</u> § 41 ("there are some circumstances under which the corporate entity will be disregarded and liability imposed <u>upon its members</u>") (emphasis added).

As for the LLC, Ms. Sheppard alleges that Ms. Asch is the sole owner/member.  Regarding RVFA, plaintiff makes no allegation as to ownership, but based upon the deposition filed with the motion to pursue piercing the corporate veil, it appears likely that only Ms. Asch had an ownership interest in the corporation.

Accordingly, as the case is pled in the proposed Third Amended Complaint (Revised), a successful veil piercing will serve, at best, to establish Ms. Asch's financial liability for any legal liability of the GP entities.  While Ms. Sheppard claims, in ¶¶ 58 and 64, that both Mr. and Ms. Asch were the alter egos of RVFA and the LLC, the court has been presented with no authority supporting the notion that the alter-ego theory can be applied to impose corporate liability on persons other than shareholders.  Such an imposition of liability would seem to be a rather novel concept.

Turning to Ms. Sheppard's single-employer theory, it is not at all clear that she may pursue a claim against RVFA and the LLC when the entity with which those entities are alleged to be linked as a single employer, the LP, remains subject to the bankruptcy stay.  As to the alternative theory of recovery against RVFA and the LLC, stated in ¶ 57 of the Third Amended Complaint (Revised), that theory rests upon the principle that a general partner of a limited partnership has a direct, independent duty to the limited partnership's employees to assure that the limited partnership does not violate Title VII.

While it is plainly the case that Ms. Sheppard could turn to the general partner for payment of a judgment entered against the LP in the event the LP had insufficient assets, it is not at all clear that a general partner's obligation to pay the debts of a limited partnership includes an individual duty owed to the employees of the limited partnership regarding partnership operations. In other words, Ms. Sheppard has yet to demonstrate that a general partner, rather than the partnership itself, is the employer of partnership employees. There is also some doubt about whether the GP entities can be Title VII defendants at all, given Ms. Sheppard's apparent failure to name them in her initial EEOC filing and her failure to allege a single-employer theory in that forum.

In view of the foregoing concerns, the court directs plaintiffs to file a well-supported memorandum of law addressing the following specific issues:

1.    Whether a Title VII claim, based upon a single-employer theory, may proceed against one entity when another entity, alleged to be part of the single employer, is subject to a bankruptcy stay?

2.    Whether a general partner of a limited partnership owes any individual legal duty to the

7

partnership's employees, independent of the obligation to pay partnership liabilities when partnership assets are insufficient to do so?

3. Whether, and how, any shareholder of the GP entities allegedly abused the corporate forms, in a manner that warrants veil piercing?

4. Whether, and how, a person who is not a shareholder of a corporate entity can be its "alter ego" for purposes of piercing the corporate veil and be assigned personal liability for corporate obligations?

In addressing the third issue, plaintiffs should pay particular attention to explaining how the corporate form can be abused in the absence of looting by a shareholder (which is the basis for making a shareholder liable for corporate debts); co-mingling of assets (which is the basis for treating a shareholder's personal assets as corporate assets available to satisfy corporate debts); or undercapitalization (which was addressed in the court's order of January 24, 2002). Plaintiffs shall also address how the alleged concealment of the corporate form would entitle them to any remedy other than a "reverse pierce," the purpose of which generally is to make corporate assets available to pay a judgment against a shareholder. See 1 W.M. FLETCHER § 41.70.

Plaintiffs shall file the requested memorandum of law addressing the issues outlined above within thirty days of the date of this order.  Defendants may file a response within twenty days of the date on which plaintiffs file their memorandum.

The court well understands that a briefing order imposes burdens on counsel, but in plaintiff's attempt to keep her faltering Title VII claim alive, she tends to raise increasingly elusive issues.  The court could do the work itself, but would not necessarily develop the arguments or identify the authorities plaintiff might think important.  Therefore, plaintiff's counsel ought to be given the opportunity to fully develop plaintiff's argument on the issues identified by the court.  In all candor, plaintiff's theses appear legally weak, but even so, before resolving the issues raised by plaintiff, the court should have the benefit of a full briefing.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 14, 2002

9

cc:  Lauren S. Irwin, Esq.
     William E. Whittington, IV, Esq.
     Joseph F. Daschbach, Esq.